**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PEGGY TROIANO,

    Plaintiff,

v.                                                              CASE NO:  8:10-cv-2179-T-26AEP

PAUL KRAFT, GAIL KRAFT,
VICKY DYKENS, and ALL COUNTY
PROPERTY MANAGEMENT AND
REALTY, INC.,

    Defendant.
_____/

**O R D E R**

**UPON DUE CONSIDERATION**, it is **ORDERED AND ADJUDGED** that Defendants Vicky Dykens and All County Property Management and Realty, Inc.'s Rule 12(b) Motion to Dismiss with Prejudice for Failure to State a Claim Upon Which Relief may be Granted & for Lack of Jurisdiction; Motion for More Definite Statement, Motion to Strike (Dkt. 4) are denied for the following reasons.[1]  First, after careful consideration of Plaintiff's well-pleaded allegations and the attachment to the complaint, which the Court must accept as true at this juncture of the proceedings, the Court concludes that Plaintiff's allegations are more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief against Defendants for

---

[1] In light of this disposition of the motion, the Court needs no response from Plaintiff.

discriminatory housing practices based on retaliation/coercion in violation of the Fair Housing Act of 1968, as well as the Pinellas County Code.  See Sinaltrainal v. Coca Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007).  Additionally, Plaintiff has more than sufficiently alleged standing to bring this action under Article III of the Constitution.

Second, as to the motion to strike, Defendants have failed to establish that the allegations they claim should be stricken have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to them.  See United States v. MLU Serv., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)).  As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

Finally, Plaintiff's allegations are not so vague and ambiguous within the meaning of Rule 12(e) of the Federal Rules of Civil Procedure that Defendants cannot reasonably be expected to prepare a response.  Defendants may, however, if appropriate, renew the

issues raised in the motion within the context of a motion for summary judgment after the close of discovery. Defendants shall, therefore, file their answer and defenses to Plaintiff's complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on November 9, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record